Defendant-appellant Robert Cosic ("appellant") appeals his conviction for domestic violence pursuant to R.C. 2915.25 after a bench trial in Parma Municipal Court. Appellant claims that the evidence presented at trial created reasonable doubt and was insufficient to support a finding of guilt. We find no error and affirm.
The record reveals that on the evening of December 13, 1997, appellant was charged with domestic violence as a result of a complaint made by his wife in which she alleged he assaulted her about five o'clock a.m. that day. On December 15, 1997, appellant entered a plea of not guilty and the matter went to trial before the bench on March 6, 1998.
At trial, the city presented testimony from the complaining witness, Alenka Cosic, wife of appellant, who testified through an interpreter, that she lives in the family home in Parma with appellant and three children. She recalled that on the day of the incident, appellant arrived home from work about one o'clock a.m. and told her he was going to go hunting after a few hours of sleep. She objected to his going hunting because he had gone the night before. They argued and he asked his son to set the alarm in an hour so he could get up and go hunting, then he went to sleep. When he awoke about four o'clock a.m. and then started getting ready to leave, they argued about his leaving and she took his car keys. He was swearing and threatening so she gave the keys back. Although she returned the keys to him, he came at her, pulled her hair, pulled her arm, threw her down on the bed, and was verbally abusive to her. The children slept through the altercation. Although he taunted her and asked her to hit him, she remained on the bed. He returned to the bedroom ten to fifteen times and pulled her hair and was verbally abusive. Finally, he made her get up from the bed, he pulled her into the dining room and grabbed her by the throat. She pushed her hand into his face. He slapped her with his open hand on both the right and left side of her face causing her to fall to the floor crying. She was confused; she left the house to think about what she should do and she returned at noon to check on the children and feed them. Appellant was asleep. She left again and spent a few hours with a friend discussing her situation. As she attempted to back the truck out of the driveway at her friend's home, she hit a pipe causing some damage. She went to the police station to report the abuse. The police took photographs to verify the condition of her eye as it looked as a result of her husband striking her. The police took her home, asked the children about the incident and arrested appellant.
Patrolman Michael Yonek of the Parma Police Department testified that he was on duty the evening of December 13, 1997 when Ms. Cosic came in to report the domestic violence. He observed a bruise and redness over her left eye. She told him she was choked and was slapped with an open hand to the face. A report of the domestic violence was made and the police went to the residence and arrested appellant.
On cross-examination, she denied drinking that night and denied hitting her husband with the keys. She denied that her eye was injured as a result of the car hitting the pipe.
Appellant testified on his own behalf. He said that his wife was drinking that night when he got home. They had two drinks each. He told his wife to set the alarm for five o'clock a.m. because he wanted to go hunting in the morning. However, when the alarm went off, she turned it off and went back to bed. His son was awakened by the alarm and knocked on the door to ask if he was getting up to go. This commotion woke him and he started getting ready to leave. When he was almost ready to leave, his wife grabbed the keys and started cussing at him, telling him he was not going anywhere. The argument got heavier; she was very upset, crying, and threw a tantrum. She dropped to the floor and was pulling her hair. He felt sorry for her so he told her he would not go; he lifted her off the floor by her arms, told her not to worry and hugged her, but she struck him with the keys and slapped him across the face. As he blocked her hands, she threw the keys at him. She went into the bathroom for a few minutes and returned dressed. She took the keys and left. Appellant denied hitting her. He did not see her again that day.
Later, when the police escorted him home to pick up his personal belongings after his arrest, he noticed the damage to his truck. At first, when he asked her about the damage, she denied knowledge of it, but later she told him.
The court found appellant guilty. On April 14, 1998, the court sentenced appellant. On June 8, 1998, the court granted appellant's motion to stay execution of sentence pending appeal. This appeal follows in which appellant advances a single assignment of error.
 THERE WAS INSUFFICIENT EVIDENCE WITH WHICH TO SUPPORT THE TRIAL COURT'S FINDING OF GUILTY WITH RESPECT TO THE CHARGE OF DOMESTIC VIOLENCE.
In this assignment of error, appellant contends that the evidence presented was insufficient to support his conviction.
To determine the sufficiency of the evidence to support a conviction, an appellate court must:
 "* * * examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The essential elements of the crime of domestic violence are found in R.C. 2919.25 which provides in pertinent part:
 (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
The evidence adduced at trial revealed that the victim was the wife of appellant who lived with him in the family home. She testified that he pulled her hair, pulled her arm, grabbed her by the throat and slapped her twice, once on each side of her face, causing injury during an argument. Injury to her face was observed by the police officer who took her complaint and arrested appellant.
Accordingly, this evidence, if believed, could convince a rational trier of fact that the essential elements of the crime of domestic violence was proven beyond a reasonable doubt.
Appellant further advances the argument in his appeal that the verdict was against the manifest weight of the evidence. In Statev. Martin (1983), 20 Ohio App.3d 172, the court set forth the test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered * * *" SeeTibbs v. Florida (1982), 457 U.S. 31, 72 L.Ed.2d 652.102 S.Ct. 2211. Martin, supra at 175.
In determining whether the decision of a trial court is against the manifest weight of the evidence, the following factors are guidelines and may be taken into account by the reviewing court:
 1) the reviewing court is not required to accept as true the incredible * * *;
2) whether the evidence is uncontradicted
3) whether a witness was impeached * * *;
4) what was not proved * * *;
5) the certainty of the evidence * * *;
6) the reliability of the evidence * * *;
 7) whether a witness' testimony is self-serving * * *; and
 8) whether the evidence is vague, uncertain, conflicting or fragmentary.
 State v. Mattison (1985), 23 Ohio App.3d 10, 14.
Moreover, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In this case, the victim put forth a concise, credible sequence of events which were sufficient to prove the elements of the charge of domestic violence as brought against appellant. The victim was not impeached nor was her testimony self-serving, vague, uncertain, conflicting or fragmentary. Thus, upon a review of the record before us, we do not find that the trier of fact so lost her way and created such a manifest miscarriage of justice in resolving the conflicts in the evidence and in determining from the evidence that appellant was guilty of domestic violence that appellant's conviction must be reversed. Accordingly, we find appellant's sole assignment of error to be without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of
ANN DYKE, P.J. and ANNE L. KILBANE, J., CONCUR.
 ____________________ TIMOTHY E. MCMONAGLE JUDGE